Michael R. DiChiara (MD-2180)
KRAKOWER DICHIARA LLC
One Depot Square
77 Market Street, Suite 2
Park Ridge, New Jersey 07656
(201) 746-0303
Fax: (866) 417-2333

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MARIE AGNIEL,

                       Plaintiff,

           v.

                                 Index No.:  12 cv 7227

CENTRAL PARK BOATHOUSE LLC,

                       Defendant.
--------------------------------------------------------x

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR
REIMBURSEMENT OF FEES AND EXPENSES AND IN SUPPORT OF DEFENDANT'S
CROSS-MOTION FOR REIMBURSEMENT OF FEES AND EXPENSES**

Michael R. DiChiara (MD-2180)
KRAKOWER DICHIARA LLC
One Depot Square
77 Market Street, Suite 2
Park Ridge, New Jersey 07656
(201) 746-0303
Fax: (866) 417-2333
Attorneys for Defendant

1

## PRELIMINARY STATEMENT

Defendant submits this opposition and cross-motion in response to Plaintiff's meritless motion for fees and expenses.  Plaintiff brings this current motion to recover fees and expenses associated with the Rule 30(b)(6) deposition of Defendant Central Park Boathouse LLC, despite Plaintiff's complete disregard for her own discovery obligations.   Indeed, throughout this litigation, Plaintiff has repeatedly acted as if the rules of discovery apply only to Defendant, as she apparently is oblivious to her discovery failures.   Defendant served discovery requests on Plaintiff in May of 2013 that have yet to be fulfilled. During Plaintiff's deposition in February 27, 2014, almost one year after Plaintiff was served with discovery requests, Plaintiff admitted to having withheld highly pertinent text message conversations and diaries. Further, upon her counsel's advice, Plaintiff refused to respond to a line of questioning regarding the factual basis for her damages calculations. As a result of Plaintiff's actions, Defendant was unable to complete a meaningful deposition of Plaintiff and must again depose Plaintiff -- after she finally fulfills her written discovery obligations.

Plaintiff has repeatedly acknowledged that she is in possession of relevant documents, yet she has refused to disclose those documents to Defendant. Despite Plaintiff's clear delinquencies in discovery, Plaintiff now brings a brazen application for reimbursement fees and costs for the Rule 30(b)(6) deposition of Defendant. Plaintiff's blatant disregard for her own discovery obligations, and its resultant prejudicial effect on Defendant's ability to properly depose Plaintiff, wholly precludes Plaintiff from recovering any fees or expenses. Further, Plaintiff's failure to disclose highly relevant and discoverable information prior to her deposition requires an award to Defendant for fees and costs associated with the taking of Plaintiff's deposition.

**STATEMENT OF FACTS**

Defendant Central Park Boathouse LLC ("Boathouse") is a restaurant located in Central Park in New York City. Plaintiff is a server who has worked at Boathouse since 2006. Plaintiff initiated the present suit on September 25, 2012 alleging violations of state and federal anti-discrimination laws.

**A.     Plaintiff Continues to Be Deficient in Her Discovery Responses**

On May 29, 2013, Defendant served document requests on Plaintiff.  Included in these requests were requests for "[a]ny notes, diary entries, log book or other writing maintained by Plaintiff or his authorized representative concerning any of the allegations set forth in the amended complaint in this action, including claims for damages" (request No. 88) and "[a]ll emails, texts, and cell phone records concerning the allegations in the complaint" (request No. 96).  *See* Exhibit A to Declaration of Michael DiChiara, submitted herewith. In responses dated July 17, 2013, Plaintiff cited numerous objections to these two specific requests, yet indicated that she would produce all responsive documents.   *See* Ex. B to DiChiara Decl. After correspondence between the parties and communications with the Court concerning discovery responses, Plaintiff indicated to Defendant that she had produced "all documents in her custody, possession or control in accordance with the objections and responses she has provided in response to Defendant's discovery requests."   *See* Ex. D to DiChiara Decl. Despite this assurance, Plaintiff revealed during her deposition that she had *not* produced all documents in her possession, custody or control.

During Plaintiff's deposition on February 27, 2014, Plaintiff testified that she had agendas from "every year" to schedule her life.  Notably, these agendas were not produced prior to Plaintiff's deposition.  *See* Ex. C to DiChiara Decl. Defendant, in document request No. 88,

requested the agendas that Plaintiff has in her possession, yet Plaintiff failed to produce them despite assurances that all responsive documents had been produced.  Accordingly, Defendant was denied the opportunity to question Plaintiff on the entries in her agendas.  The agendas are particularly important here because they would provide insight into the number of hours Plaintiff worked as well as what she noted on dates that alleged sexual harassment occurred.  Thus, these agendas are clearly relevant documents that should have been produced.  Indeed, since Plaintiff first contacted the Court on March 7, 2014 about discovery issues, the parties have engaged in discussions concerning inadequate discovery responses.  Remarkably, despite acknowledging that her agendas should be produced, *Plaintiff still has not produced them or provided Defendant with any dates for which they would be available for inspection.*

Also, Plaintiff failed to produce all text messages related to the allegations in her complaint.  *See* Ex. C to DiChiara Decl.  As noted above, all text messages were requested in Defendant's document request No. 96, and despite assurances that all responsive documents had been produced, Plaintiff failed to produce these messages prior to her deposition.  Defendant once again was denied an opportunity to question Plaintiff about documents directly relevant to this action, as Plaintiff failed to produce text messages about which she testified contained harassing messages.  Again, remarkably, *Plaintiff has failed to produce a single text message since March 7, 2014 despite acknowledging that they are indeed relevant*.

In addition to testifying that she has relevant documents in her possession that she did not produce, Plaintiff was instructed during her deposition not to answer questions about her damages based on the attorney-client privilege. Defendant questioned Plaintiff about the factual basis for her alleged damages; however, Plaintiff's counsel shut down all testimony concerning her contention that she suffered "$75,000.00 in lost and unpaid wages due to the Boathouse's

discriminatory promotion practices and failure to compensate Ms. Agniel for the hours she actually worked." *See* Ex. C to DiChiara Decl. Thus, Defendant was denied the opportunity to inquire of the underlying facts of her claim for damages and to inquire how much of those purported damages were attributed to the alleged failure to promote claim.

Because Plaintiff has continually failed to satisfy her discovery obligations, Plaintiff's brazen motion should be denied in its entirety,.  Thus, this Court should order that Plaintiff be produced for a further deposition, that Plaintiff produce the agendas and text message that she has failed to produce, and that Plaintiff compensate Defendant for the additional time it will need to depose Plaintiff because of her failure to comply with discovery.

### B.      Unlike Plaintiff, Defendant Has Satisfied Its Deposition Obligations.

On December 12, 2013, Plaintiff served an amended Rule 30(b)(6) deposition notice upon the Boathouse. Defendant produced Dean Poll, owner of the Boathouse, as its Rule 30(b)(6) witness. Mr. Poll was deposed on behalf of the Boathouse on February 18, 2014. The continued deposition of Boathouse was taken two weeks later on March 3, 2014 because, as Plaintiff was aware, Mr. Poll was predisposed -- he was on long planned vacation -- and unavailable in the interim. Accordingly, during the time between depositions, Mr. Poll did not have access to anything to further educate himself on the deposition topics. Regardless, Mr. Poll was able to sufficiently respond to all areas of inquiry posed by Plaintiff.

Plaintiff has raised several purported deficiencies concerning the Rule 30(b)(6) deposition, but a review of the transcript reveals that the witness answered the questions directly related to the areas of inquiry identified by Plaintiff.  For example, concerning Topic 1 of Plaintiff's Rule 30(b)(6) notice, the witness answered the questions directly related to the areas of inquiry identified by Plaintiff.  *See* Ex. E to DiChiara Decl. at 313-42; 354-93. On this topic,

Plaintiff asked a lot of improper hypothetical questions, some of which it is likely no one would have known the answer.

Similarly, Defendant sufficiently responded to Topic 2 of Plaintiff's Rule 30(b)(6) notice. The witness testified about the policies set forth in this topic, but the questions and answers concerning this particular topic are somewhat confusing and the record is not entirely clear. *Id.* at 19-169. Defendant responded fully to Topic 3 of Plaintiff's Rule 30(b)(6) notice. The witness identified ownership, the organizational structure, and the relationships and relative ranks of its Management since January 1, 2006. *Id.* at 169-196. The witness was also able to identify all managers that have worked for Defendant since 2006. Though the witness could not identify the exact dates certain managers worked for Defendant, Plaintiff *did not identify in the deposition notice* that she would be seeking this specific information.

For Topic 4, the witness provided information on the policies set forth in the deposition notice. *Id.* at 196-312. The witness could not identify all the particulars of specific complaints by employees, but this topic only required the witness to testify about policies concerning sexual harassment procedures – the deposition notice *did not identify specific complaints by specific employees* as an area of inquiry. Regarding Topic 5, Defendant again answered questions on this topic completely and appropriately. *Id.* at 394-414.

For topic 6, a review of the transcript reveals that the witness identified the steps and procedures to collect, review, and produce documents. *Id.* at at 414-435. The witness could not identify the minutia of everything Defendant did concerning the collection of documents, but the witness did identify steps and procedures employed to collect, review, and produce documents in this action, which is what Plaintiff identified as the area of inquiry for this topic.

### C.      Defendant Has Made Efforts to Resolve Disputes Concerning Depositions

Since the parties first raised discovery issues with the Court back in March, Defendant has made several efforts to resolve the deposition disputes without Court intervention.  Plaintiff, on the other hand, has acted as if the rules of discovery do not apply to her, and has used the threat of moving for sanctions as a cudgel to harass and detract from the relevant issues in this case.  In this regard, despite its belief that its Rule 30b(6) testimony was in fact adequate, Defendant has agreed to produce another witness for very limited issues.  In response to Defendant's attempt to resolve the discovery issues, Plaintiff has done the following: 1) failed to produce her agendas; 2) failed to produce any text messages; and 3) refused to agree to submit for a further deposition which is necessary because of her failure to comply with discovery.  Thus, for these reasons, Plaintiff's motion should be denied in its entirety and Defendant's cross-motion should be granted in its entirety.

### ARGUMENT

Pursuant to Fed. R. Civ. P. 37, the Court may "impose disciplinary measures for *intentional* misconduct or *grossly* negligent behavior during discovery." *Spanski Enters. v. Telewizja Polska, S.A.*, 2009 U.S. 95288 *5 (S.D.N.Y. 2009) (emphasis added). In assessing the need for disciplinary measures, the Court has "broad discretion" and will consider "all the facts of the case." *Id*. Though a court may impose sanctions for failure to comply with Fed. R. Civ. P. 30(b)(6), "in order for the court to impose sanctions, the inadequacies in a deponent's testimony must be *egregious*." *Id*. (emphasis added).  Further, any discovery sanctions imposed by a court must be just, and Rule 37(b)(2) instructs that sanctions are inappropriate where "substantial justifications or special circumstances make an award of expenses unjust." *Id*. at *6. In cases where, as here, Plaintiff makes the current applications with "unclean hands," the application

should be denied in its entirety. *See, e.g.*, *Precision Instrument Mfg. Co. v. Auto. Main. Mach. Co.*, 324 U.S. 806, 815 (1945).

When a party, such as Plaintiff here, seeks costs and fees associated with discovery does not have "clean hands," the courts have denied the moving party's application. *See, e.g.*, *Rouson v. Eicoff*, 2007 U.S. Dist. LEXIS 89672, *7-8 (E.D.N.Y. 2007). Further, application of the unclean hands doctrine rests with the discretion of the court, and it is an equitable defense. *JSC Foreign Econ. Assn Technostroyexport v. Int'l Dev. & Trade Servs.*, 386, F. Supp. 2d 461, 477 (S.D.N.Y. 2005). Courts apply the doctrine where, as here, "a wrong committed by the plaintiff . . . is related to the issue for which plaintiff seeks relief." *Id*. Despite multiple requests from Defendant's counsel, Plaintiff continues to disregard her discovery obligations by refusing to serve highly relevant journals and text messages. Further, during Plaintiff's deposition, she improperly objected to Defendant's line of questioning into the purported basis for her damages. As a result, Defendant was severely disadvantaged during Plaintiff's deposition, and Plaintiff clearly does not have clean hands. Accordingly, Plaintiff is precluded from any award of fees and costs associated with discovery.

I.    **Plaintiff's Blatant Disregard for Her Discovery Obligations and Misapplication of Privilege During Her Deposition Precludes an Award of Fees and Expenses**

Beginning in March of 2013 when Defendant served written discovery on Plaintiff, Plaintiff has been under an obligation to produce all diaries and text messages related to this matter.  Plaintiff made repeated assurances that she had in fact turned over all such documents in her possession. However, Plaintiff revealed during her deposition that she relevant documents in her possession, including yearly agendas and text messages regarding her claims, which had yet

to be disclosed to Defendant. As a result, Defendant was denied the opportunity to satisfactorily depose Plaintiff on issues central to her claims.

In addition, Plaintiff's misapplication of the attorney-client privilege during her deposition prevented Defendant from questioning Plaintiff about the amount of purported damage she has suffered. The information Defendant was seeking concerning Plaintiff's damages did not infringe upon the attorney-client privilege.

> The attorney-client privilege, broadly speaking, protects confidential communications between attorney and client for the purpose of obtaining or rendering legal advice. Thus, it does not protect underlying facts, only confidential communications between attorney and client about those facts. To illustrate that point, there is no privilege preventing a litigant in a motor vehicle accident case from compelling his or her adversary to testify as to whether a traffic light was red when the adversary went through an intersection. But the attorney-client privilege prevents a litigant from asking his or her adversary or the adversary's lawyer from inquiring what the adversary confided to his or her lawyer on the subject of the color of the light. That is a protected attorney-client communication.

*United States v. Ghailani*, 751 F. Supp. 2d 498, 501 (S.D.N.Y. 2010).  Here, Defendant was not seeking information on communications between Plaintiff and her counsel.  Rather, Defendant was seeking information on the factual basis for the alleged damages, and to which claim she is attributing those damages.  Thus, Defendant is clearly entitled to a further deposition of Plaintiff concerning her purported damages.

## II.    Defendant Has Substantially Complied with Its Discovery Obligations, and an Award of Fees and Expenses Would Be Inappropriate.

As noted, *supra*, Defendant has substantially complied with its discovery obligations. During Defendant's deposition, Mr. Poll substantially responded to Plaintiff's questions regarding all nine of the deposition topics. Further, Plaintiff mischaracterizes Mr. Poll's actions between his deposition and continued deposition in an effort to distort the truth. Between deposition dates Mr. Poll was predisposed—as Plaintiff was aware he would be—and he did not

have access to materials to further educate himself. As such, Defendant has not acted with intentional misconduct or with gross negligence, and Plaintiff's application for fees and costs must be denied in its entirety.

### III.    The Fees and Expenses Sought by Plaintiff Are Outrageous

Notably absent from Plaintiff's application is the citation to any authority that the fees and expense that she is seeking in a pro-bono case, or any case for that matter, are reasonable – because they are not.   The hourly rates sought by Plaintiff- $975/hour for Ms. Selendy, $795/hour for Mr. Flugman, $595/hour for Huang, and $355 for Ms. Copas -- and obnoxious, outrageous and completely unsustainable in an employment matter.

In addition, the time sheets offered by Plaintiff reflect vague, duplicative, and unnecessary billing. *See, e.g.* February 12, 2014 entry for Selendy ("background reading" for 1.5 hours); February 13, 2014 entry for Selendy ("attention to preparation" for 3.5 hours); February 18, 2015 entry for Flugman (9.5 hours for attending deposition, not taking), and multiple entries by multiple attorneys for reviewing the same deposition transcripts.   In addition, the expense sheets submitted by Plaintiff reflect unnecessary expenses, such as the video recording of the depositions and rough and rushed transcripts.

Accordingly, the Court should deny Plaintiff's motion in its entirety, as there is no authority to support the outrageous fees and expenses[1] Plaintiff is seeking.

### IV.    Defendant Is Entitled to Fees and Expenses Incurred Due to Plaintiff's Failure to Fulfill Her Discovery Obligations.

Plaintiff continues to ignore her own discovery obligations by refusing to disclose highly relevant text messages and diaries. As Fed. R. Civ. P. 37 permits the court to "impose

---

[1] F.R.E. 408 precludes Defendant from divulging further information that would reveal the irrationality of Plaintiff's motion.

disciplinary measures for *intentional* misconduct or *grossly* negligent behavior during discovery," an award to Defendant of costs and fees associated with the taking of Plaintiff's deposition would be appropriate. *Spanski Enters. v. Telewizja Polska, S.A.*, 2009 U.S. 95288 *5 (S.D.N.Y. 2009) (emphasis added).

To date, Plaintiff still has not disclosed relevant text messages and diaries. Further, at Plaintiff's deposition, she refused to answer questions integral to her claims, such the factual basis her damage calculations.  Plaintiff's intentional withholding of relevant documents and refusal to answer basic questions are her deposition prevented Defendant from conducting a meaningful deposition of Plaintiff.  As such, Defendant will be required to depose Plaintiff again. Accordingly, Defendant is entitled to an award equal to the costs and fees incurred as a result of Plaintiff's willful disregard for her discovery obligations[2].

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Fees and Costs in its entirety, grant Defendant's Motions for Fees and Costs,, and award Defendant any other relief that the Court deems just and proper.

Respectfully Submitted,


s/ Michael R. DiChiara
Michael R. DiChiara (MD-2180)
KRAKOWER DICHIARA LLC
One Depot Square
77 Market Street, Suite 2
Park Ridge, New Jersey 07656
Attorneys for Defendant

Dated: August 8, 2014

---

[2] If the Court grants Defendant's application, a detailed listing of expenses and fees will be submitted for the Court's approval.